UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| MOSAZIG MEDHANI,<br><br>                              Petitioner,<br><br>v.<br><br>KRISTI NOEM, et al.,<br><br>                              Respondents. | Case No.:  3:26-cv-0594-CAB-JLB<br><br>**ORDER DENYING A WRIT OF HABEAS CORPUS** |

Petitioner Mosazig Medhani ("Petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  [Doc. No. 1 ("Petition").]  Petitioner claims that his detention by Immigration and Customs Enforcement ("ICE") since his order of removal became final on May 23, 2025 violates *Zadvydas v. Davis*, 533 U.S. 678 (2001).  [*Id.* at 3, 8–15.]  He seeks immediate release from ICE detention and an order enjoining Respondents from removing him to any country other than Eritrea without certain procedures.  [*Id.* at 17–18.]  For the following reasons, the Court **DENIES** Petitioner's request for a writ of habeas corpus.

## I.     BACKGROUND

Petitioner is an Eritrean national who crossed the United States border in March 2025.  [*Id.* at 3.]  He was apprehended, placed in ICE custody, and served with a Notice and Order of Expedited Removal under 8 U.S.C. § 1225(b)(1).  [Doc. No. 3 at 1.]  He was

given a credible fear interview, which he did not pass.  [Petition at 3.]  Petitioner appealed the credible fear decision to an immigration judge, who denied his appeal on May 23, 2025.  [*Id.*; Doc. No. 3 at 2.]  Petitioner's order of removal became final no later than this date.  [Doc. No. 6 at 1; Doc. No. 7 at 2.]  Petitioner has since remained in ICE custody.

According to Respondents, "ICE is seeking to expeditiously remove Petitioner to Eritrea pursuant to the Order of Expedited Removal," including twice contacting Eritrean authorities to effect Petitioner's removal.  [Doc. No. 3 at 2.]  Respondents claim that during this process, "Petitioner refused three times to complete or sign the necessary documents to request a travel document in October 2025 and February 8, 2026."  [*Id.*]  Respondents say that this refusal "has significantly delayed efforts to remove Petitioner and has extended his period of removal."  [Doc. No. 11 at 2.]

## II.   LEGAL STANDARD

A writ of habeas corpus challenges the legality of a petitioner's custody and seeks to secure release from that illegal custody.  Under 28 U.S.C. § 2241, a district court may grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States."  The petitioner bears the burden of demonstrating that he is in illegal custody.  *See Martinez v. Noem*, No. 25-CV-2740-BJC-BJW, 2025 WL 3171738, at *2 (S.D. Cal. Nov. 13, 2025).

## III.   DISCUSSION

### A.   Jurisdiction

Respondents challenge this Court's jurisdiction based on 8 U.S.C. §§ 1252(a)(2)(A), 1252(e), and 1252(g).  [Doc. No. 3 at 3.]

#### 1.   8 U.S.C. § 1252(g)

As the Supreme Court reasoned in *Reno v. Am.-Arab Anti-Discrimination Comm.*, § 1252(g) "applies only to three discrete actions that the Attorney General may take: her 'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders.'"  525 U.S. 471, 482 (1999) (emphasis in original); *see also Ibarra-Perez v. United States*, 154 F.4th 989, 991 (9th Cir. 2025) ("The Supreme Court has instructed that we

should read § 1252(g) narrowly."). Accordingly, § 1252(g) does not bar the "many other decisions or actions that may be part of the deportation process[,]" including the decision "to refuse reconsideration" of the "final order that is the product of the adjudication." *Reno*, 525 U.S. at 482. Moreover, "[i]t is implausible that the mention of three discrete events along the road to deportation was a shorthand way of referring to all claims arising from deportation proceedings." *Id.*

Here, the Petition does not contest the decision to commence proceedings, the adjudication of Petitioner's removal case, or any action to execute a removal order. Rather, Petitioner seeks review of the legality of his detention, arguing that the length of time he has been detained is unlawful. Section 1252(g) does not strip this Court of jurisdiction.

**2.    8 U.S.C. §§ 1252(a)(2)(A) and (e)**

Sections 1252(a)(2)(A) and (e) apply to the expedited removal process outlined in 8 U.S.C. § 1225. Respondents argue that these provisions strip the Court of jurisdiction because they limit a district court's jurisdiction to review an expedited removal order. [Doc. No. 3 at 3–6.] But the Petitioner here does not challenge his credible fear finding, ensuing expedited removal order, or any of the processes that led to it. Petitioner's case is therefore not like cases the Court has dismissed for lack of jurisdiction due to an attack on "the procedure leading to his order of removal [as] defective." *Vitalii v. LaRose*, No. 3:25-cv-3745-CAB-MSB, 2026 WL 61187, *1 (S.D. Cal. January 8, 2026); *see also Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 112 (2020) ("[C]ourts may not review 'the determination' that an alien lacks a credible fear of persecution."). Again, Petitioner challenges his prolonged detention since his May 2025 final order of removal. We therefore hold—like many other courts—that §§ 1252(a)(2)(A) and (e) do not strip this Court of jurisdiction to review Petitioner's claim that his continued detention violates 8 U.S.C. § 1231 and *Zadvydas*. *E.g.*, *Noori v. LaRose*, 807 F. Supp. 3d 1146, 1164 (S.D. Cal. 2025); *Cong v. Noem*, No. 25-CV-3730-GPC-DEB, 2026 WL 76566, at *2 (S.D. Cal. Jan. 9, 2026). Further, Petitioner challenges his post-final removal order detention under § 1231 and *Zadvydas* and not his removal order under § 1225(b)(1), which is what

3

§ 1252(a)(2)(A) and (e) pertain to. Accordingly, the Court is satisfied of its jurisdiction and proceeds to the merits.

### B.    Merits

Petitioner argues that his prolonged detention following a final order of removal—to date almost ten months—violates 8 U.S.C. § 1231 and *Zadvydas*. [Petition at 9.] Surprisingly, Respondents do not even mention § 1231 or *Zadvydas* in their response. Instead, they counter that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(1)(B)(iii)(IV), has no rights beyond those afforded by statute, and therefore cannot state a due process claim with respect to continued detention. [Doc. No. 3 at 8–9.]

Following supplemental briefing, it is clear to the Court that Petitioner has been subject to a final order of removal for at least 10 months of detention. [Doc. Nos. 6, 7.] What would otherwise be a relatively straightforward *Zadvydas* case is complicated, however, by Respondents' assertion that Petitioner has refused to sign or complete documents necessary to obtain a travel document, significantly delaying efforts to remove Petitioner. [Doc. No. 3 (asserting October 2025 and February 8, 2026 refusals); Doc. No. 11.]

Ordinarily, the INS must remove an alien in its custody within ninety days from the issuance of a final removal order. *See* 8 U.S.C. § 1231(a)(1)(A)–(B). But § 1231(a)(1)(C) provides an exception to this rule:

> The removal period shall be extended beyond a period of 90 days and the alien may remain in detention during such extended period if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal.

*Lema v. I.N.S.*, 341 F.3d 853, 855–56 (9th Cir. 2003).

Petitioner argues that an extension of the removal period is unwarranted under § 1231(a)(1)(C) because, as the Ninth Circuit explained in *Diouf v. Mukasey*, 542 F.3d 1222 (9th Cir. 2008), that provision applies only to "intentionally obstructionist, bad faith

tactics that are designed to frustrate the government's attempts to effectuate a removal order[.]" *Id.* at 1232.

The problem with *Diouf* is that the "obstructionist" behavior at issue there was petitioning the courts for relief from removal, which the Ninth Circuit deemed a "good faith attempt to make use of legally available judicial review and remedies." *Id.  See also Prieto-Romero v. Clark*, 534 F.3d 1053, 1061 (9th Cir. 2008) ("[W]e are highly skeptical about the government's suggestion that an alien's attempt to seek judicial relief from deportation constitutes 'conspiring or acting to prevent his removal.'" (original alterations removed)).  Here, Petitioner's refusal to complete or sign documents "are clearly of a different nature than an alien's attempt to make use of legally available judicial review and remedies." *Prieto-Romero*, 534 F.3d at 1060 (referring also to *Lema,* 341 F.3d at 856 (alien refused to "cooperate fully and honestly with officials to secure travel documents") and *Pelich v. INS,* 329 F.3d 1057, 1059 (9th Cir. 2003) (alien refused to fill out passport application)).  Further, Respondents provided dates documenting Petitioner's refusals. [Doc. No. 3 (October 2025 and February 8, 2026).]  In such cases, "when an alien refuses to cooperate fully and honestly with officials to secure travel documents from a foreign government, the alien cannot meet his or her burden [pursuant to *Zadvydas*] to show there is no significant likelihood of removal in the reasonably foreseeable future." *Lema*, 341 F.3d at 856.

The Court thus finds that Petitioner's continued detention does not violate 8 U.S.C. § 1231 or *Zadvydas* and so **DENIES** the request for a writ of habeas corpus.

### C.      Third Country Removal Claim

Petitioner claims that ICE must provide adequate notice and an opportunity to be heard before removing him to a country other than Eritrea ("third country").  [Petition at 13–17.]  But there is no evidence before the Court that Respondents intend to remove Petitioner to a third country or that if a third country is identified, Respondents will contravene Ninth Circuit precedent requiring Petitioner to be notified that he may apply for appropriate relief, including withholding of removal to that third country.  *See, e.g.,*

3:26-cv-0594-CAB-JLB

*Andriasian v. I.N.S.*, 180 F.3d 1033, 1041 (9th Cir. 1999) ("Failing to notify individuals who are subject to deportation that they have the right to apply for asylum in the United States and for withholding of deportation to the country to which they will be deported violates both INS regulations and the constitutional right to due process."). It is thus premature on the current record for this Court to order injunctive relief related to Petitioner's potential future removal to an unidentified third country. The Court **DENIES** Petitioner's request for relief on this issue.

## IV.    CONCLUSION

Based on the foregoing, the Court **DENIES** the request for a writ of habeas corpus. The Court also **DENIES** Petitioner's request to enjoin Respondents with respect to third country removal. The Clerk of the Court shall close the case.

It is **SO ORDERED**.

Dated: March 24, 2026

Hon. Cathy Ann Bencivengo
United States District Judge

3:26-cv-0594-CAB-JLB